**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PAUL TURAY**, *on behalf of himself and those similarly situated*, | * |
| | Case No. 2:23-cv-542 |
| Named Plaintiff, | * |
| | Judge |
| v. | * |
| | Magistrate Judge |
| **MERCIFUL HEALTHCARE SERVICES, LLC** | * |
| c/o Statutory Agent | **JURY DEMAND ENDORSED HEREON** |
| Mohammed Ahmed | * |
| 1395 East Dublin Granville Road | |
| Suite #111 | * |
| Columbus, Ohio 43229, | * |
| | |
| Defendant. | * |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Named Plaintiff Paul Turay ("Turay" or "Named Plaintiff"), by and through undersigned counsel, individually and on behalf of those similarly situated, for his Collective and Class Action Complaint against Merciful Healthcare Services, LLC ("Defendant") for its willful failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b) and the Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. For his Complaint, Named Plaintiff states and avers as follows:

**I.     JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Southern District of Ohio; Defendant is an Ohio company formed and subject to the laws of the State of Ohio; and Defendant's principal place of business is in the Southern District of Ohio.

**II.    FACTUAL ALLEGATIONS**

   **A.    Named Plaintiff**

4. Named Plaintiff Turay is an individual, a United States citizen, and a resident of this judicial district.

5. Due to the elimination of the "companionship services" exemption that was no longer in effect as of January 1, 2015,[1] Named Plaintiff was not exempt and should have been paid 1.5 x his regular rate of pay during any workweek when he worked over forty (40) hours.

6. Specifically, Turay worked for Defendant as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in the position of Home Health Aide from approximately 2017 until the end of March, 2022.

---

[1] The applicable FLSA sections include, 29 U.S.C. §213(a)(15), (21); 29 C.F.R. § 552.109(a), (c), 552.6. *See Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *4 (S.D. Ohio Feb. 27, 2017) (holding that the new overtime regulations for companionship services were in effect as of January 1, 2015).

7. At all times relevant, Turay primarily performed non-exempt job duties such as providing personal services for Defendant's clients in the Southern District of Ohio.

8. At all times relevant, Turay was non-exempt and paid on an hourly basis.

9. At all times relevant, Turay was an "employee" as defined in the FLSA and the Ohio Acts.

10. Turay's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.     Defendant Merciful Healthcare Services, LLC**

11. At all times relevant, Defendant is a domestic limited liability company authorized to do business in Ohio, subject to the laws of the State of Ohio, and it regularly conducts business in this judicial district.

12. Defendant is a community-based primary healthcare service agency that provides personal care services, supported living services, skilled nursing services, and other direct care services to its clients.

13. Upon information and belief, Defendant's principal place of business is located at 1395 E. Dublin Granville Rd., Suite # 111, Columbus, Ohio 43229.

14. At all times relevant, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

15. At all relevant times, Defendant has controlled the terms and conditions of employment for Named Plaintiff and others similarly situated. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and

conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

16. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of his employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

17. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

18. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

19. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

20. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

21. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

22. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or has had

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

23. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all of its employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and Ohio law (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

24. Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

25. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. COLLECTIVE AND CLASS ACTION FACTUAL ALLEGATIONS

26. At all times relevant, (1) Defendant was an employer as defined by the FLSA and accompanying state wage and hour laws, (2) Named Plaintiff and similarly situated direct care employees regularly worked overtime without compensation, and (3) Defendant knew that Named Plaintiff and those similarly situated worked overtime and did not pay them for it, including, but not limited to, one or more reasons alleged below.

27. At all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt direct care employees, including, but not limited to Home Health Aides, companions, Certified Nurse Assistants (CNAs), Licensed Practical Nurses (LPNs), and caregivers, who are entitled to overtime.

28. Defendant paid Named Plaintiff and other similarly situated direct care employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

29. Named Plaintiff and other similarly situated employees worked over forty (40) hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

30. Despite working more than forty (40) hours in a workweek, Defendant paid Named Plaintiff and other similarly situated employees their Base Hourly Wage for all hours worked, *including* hours in excess of forty (40) in a workweek.

31. By way of one non-exhaustive example, during the pay period of March 11, 2022 through March 24, 2022, Named Plaintiff worked at least ninety (90) hours. Despite working overtime during one or more workweeks during this pay period, Defendant paid him his Base Hourly Wage of $12 per hour.

32. During the pay period of February 25, 2022 through March 10, 2022, Named Plaintiff worked at least one hundred (100) hours. Despite working overtime during one or more workweeks during this pay period, Defendant only paid him his Base Hourly Wage of $12 per hour.

33. Defendant's failure to compensate Named Plaintiff and other similarly situated direct care employees, as set forth above, resulted in unpaid overtime.

34. At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA and the Ohio Acts.

35. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

36. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated direct care employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, all of which resulted from Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated direct care employees.

37. Even though Named Plaintiff and similarly situated direct care employees were not exempt as of January 1, 2015, Defendant's policy of paying Named Plaintiff and similarly situated direct care employees their Base Hourly Wage for all hours worked, including overtime, was in place for at least three (3) years preceding the filing of this Complaint.

38. Defendant's failure to pay for the time described herein resulted in Named Plaintiff and similarly situated employees not being paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

39. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

40. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

41. Upon information and belief, for the three (3) years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt direct care employees, including Named Plaintiff.

42. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated employees is unknown at

this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

### A. FLSA Collective Action for Unpaid Overtime Wages

43. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in collective.

44. The collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly direct care employees of Defendant who worked more than forty (40) hours in any workweek beginning three (3) years before the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").

45. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

46. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated direct care employees and is acting on behalf of their interests as well as his own in bringing this action.

47. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

48. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

### B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages

49. Named Plaintiff brings his Ohio Acts claims of this action under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly direct care employees of Defendant who worked more than forty (40) hours in any workweek beginning two (2) years before the filing of this Complaint and continuing through the final disposition of this case (hereinafter "Rule 23 Class" or the "Rule 23 Class Members").

50. The claims brought on behalf of the Rule 23 Class, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Rule 23 Class during the relevant time period above.

51. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendant's policies and/or

practices of paying employees their Base Hourly Wage for all hours worked, including hours in excess of forty (40) in a workweek.

52. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

53. Named Plaintiff is a member of the Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

54. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

55. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

56. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

57. Questions of law and fact are common to the Rule 23 Class.

58. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

59. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

60. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members

of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Rule 23 Class one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

62. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### IV. **CAUSES OF ACTION**

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

65. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

66. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

67. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks.

68. Despite working in excess of forty (40) hours during one or more workweeks, Defendant paid Named Plaintiff and members of the FLSA Collective their Base Hourly Wage instead of one-and-one-half times (1.5x) their regular rate of pay.

69. As such, Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek.

70. Since January 1, 2015, Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

72. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

73. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

74. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

77. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

78. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

79. While employed by Defendant, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages for all hours worked over forty (40) in one or more workweeks as outlined above.

80. Since January 1, 2015, Named Plaintiff and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

81. As a result of Defendant's company-wide corporate policies and/or practices as described herein, it failed to pay Named Plaintiff and the Rule 23 Class Members all overtime wages earned.

82. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

83. For Defendant's violations of the Ohio Wage Act, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of themselves and the Rule 23 Class Members.

## COUNT III
## (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

86. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

87. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant.

88. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

89. The OPPA requires that Defendant pay Named Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

90. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

91. As a result, Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

92. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

93. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting him to timely assert his rights under the FLSA;

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Plaintiffs, the FLSA Collective, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

H. Judgment against Defendant and awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

I. Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

J. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

K. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

L. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

M. Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

N. Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorney for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Daniel I. Bryant*
Daniel I. Bryant